# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM MCCOY, | : | PRISONER HABEAS CORPUS |
| GDC # 1128935, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DON JARRIEL, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-1017-TWT-GGB |

## FINAL REPORT AND RECOMMENDATION

Petitioner, William McCoy, confined in Smith State Prison in Glennville, Georgia, submitted a habeas corpus petition under 28 U.S.C. § 2254. [Doc. 1]. Petitioner seeks to challenge the constitutionality of his convictions in the Fulton County Superior Court. The matter is presently before me on Respondent's motion to dismiss the petition as untimely. [Doc. 5]. For the reasons discussed below, I recommend that the motion to dismiss be granted.

I.   Procedural History

On September 24, 2004, a jury found Petitioner guilty of kidnapping with bodily injury, aggravated assault with a deadly weapon, aggravated battery, possession of a firearm during the commission of a felony, armed robbery, kidnapping, and aggravated assault. [Doc. 6-3 at 1]. Petitioner was sentenced to a

AO 72A
(Rev.8/82)

total effective term of life imprisonment. [*Id.*]. The Georgia Court of Appeals affirmed Petitioner's convictions on May 8, 2007. *See McCoy v. State*, 645 S.E.2d 728 (Ga. App. Ct. 2007). Petitioner did not seek review in the Georgia Supreme Court. [Doc. 1 at 2].

On March 31, 2008, Petitioner filed a habeas corpus petition in the Tattnall County Superior Court. [Doc. 6-1]. That petition was denied in a final order filed on February 19, 2013. [Doc. 6-3 at 1, 9]. The Georgia Supreme Court dismissed Petitioner's application for a certificate of probable cause as untimely on January 27, 2014. [Doc. 1 at 2-3; Doc. 5-1 at 1].

Petitioner executed his § 2254 petition on April 2, 2014. [Doc. 1 at 7]. Petitioner asserts that his "conviction [was] obtained by a violation of the protection against double jeopardy." [Doc. 1 at 5, 9]. Respondent moves to dismiss the petition as untimely because Petitioner executed it after the expiration of the one-year statute of limitations. [Doc. 5]. Petitioner responds that he "is unable to refute that the petition is untimely . . . ." [Doc. 9 at 1].

II.  Discussion

A § 2254 petition is subject to the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of the dates on which (A) Petitioner's convictions became final; (B) a State impediment to filing

2

Petitioner's federal habeas petition was removed; (C) a constitutional right on which Petitioner relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) Petitioner, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) of that statute apply.  Respondent focuses on subparagraph (A), arguing that Petitioner executed his § 2254 petition more than one year after his convictions became final.

Respondent notes that Petitioner had ten days to seek certiorari in the Georgia Supreme Court after the Georgia Court of Appeals affirmed his convictions on May 8, 2007.  *See* Ga. S. Ct. R. 38(1).  Petitioner did not seek that review, and the ten-day period expired on May 18, 2007.  Petitioner's convictions thus became final on that date, and the one-year statute of limitations began to run.  *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).  Petitioner waited 318 days, until March 31, 2008, to file his habeas petition in Tattnall County.  At that time, Petitioner had forty-seven days remaining in which to file a § 2254 petition.  *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003) (per curiam).

A tolling period exists for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

3

judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  There is no dispute that Petitioner's state habeas petition was properly filed and the time during which it was pending was statutorily tolled.  Upon the denial of that petition on February 19, 2013, Petitioner had thirty days to seek a certificate of probable cause in the Georgia Supreme Court.  *See* O.C.G.A. § 9-14-52(b).  Petitioner failed to do so, and the thirty-day period expired on March 21, 2013.  The statute of limitations expired forty-seven days later, on May 7, 2013.  *See Stafford*, 328 F.3d at 1303.  Petitioner executed his § 2254 petition 330 days late, on April 2, 2014.  Petitioner fails to show that he is entitled to equitable tolling[1] or that he is actually innocent.[2]  Therefore, Respondent's motion to dismiss the petition as untimely should be granted.

---

[1] "Equitable tolling is appropriate when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[2] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a petitioner's] failure timely to file" a habeas petition. *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

III.    Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

5

A certificate of appealability should be denied because it is not debatable that Petitioner's action is untimely. If the Court adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

IV.  Conclusion

Based on the foregoing, I **RECOMMEND** that Respondent's motion to dismiss [Doc. 5] be **GRANTED**, the § 2254 petition [Doc. 1] be **DISMISSED** as untimely, and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 9th day of July, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE